## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

OLAYEMI LAWANSON,

    Plaintiff,

v.

NATIONWIDE INSURANCE COMPANY,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Civil No. 23-806-BAH

## MEMORANDUM OPINION

Olayemi Lawanson ("Plaintiff" or "Lawanson") brought suit against Nationwide Insurance Company of America ("Defendant" or "Nationwide") alleging that Nationwide is liable for breach of contract and failing to act in good faith in handling her insurance claims. ECF 1 (complaint). Pending before the Court are two motions: Plaintiff's Motion to Compel Appraisal, ECF 46, and Defendant's Motion for Summary Judgment, ECF 47. Both parties filed oppositions to the respective motions, ECF 48 (Defendant's opposition to appraisal) and ECF 53 (Plaintiff's opposition to summary judgment). Both parties also filed replies, ECF 49 (Plaintiff's reply to appraisal) and ECF 54 (Defendant's reply to summary judgment). Plaintiff's Motion to Compel Appraisal, Defendant's Motion for Summary Judgment, and Defendant's opposition to appraisal contain exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Defendant's Motion for Summary Judgment, ECF 47, is **GRANTED**, and Plaintiff's Motion to Compel Appraisal, ECF 46, is **DENIED** as moot.

## I.  **BACKGROUND²**

This case arises from a dispute over an insurance claim related to loss resulting from a storm that allegedly caused damage to Plaintiff's property. ECF 53, at 1. Plaintiff maintained a homeowner's insurance policy, Policy #5219HR009428 ("the Policy"), with Nationwide. *Id.* The Policy promised to indemnify Plaintiff for covered losses to Plaintiff's property. *Id.* at 1–2. The Policy explicitly set forth exclusions from coverage, which included: wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself, settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings. ECF 47-3, at 24–25. Other exclusions included faulty, inadequate, or defective: a) planning, zoning, development, surveying, sitting; b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, backfilling; c) materials used in repair, construction, renovation, or remodeling; d) maintenance. *Id.* at 30. At the time of the reported loss, Plaintiff's property was covered under the Policy. ECF 47-1, at 2.

On August 6, 2020, a storm allegedly caused substantial damage to Plaintiff's property. ECF 53, at 2. Plaintiff subsequently filed a claim under the Policy. *Id.* Nationwide determined that some interior damage to the property was covered under the Policy and issued a partial payment. ECF 47-1, at 4 (citing ECF 47-4, at 1–2). In a letter to Plaintiff, dated August 26, 2020, Nationwide informed Plaintiff of its determination that "a portion of [plaintiff's] Dwelling claim

---

² The following facts are undisputed. However, to the extent a fact is in dispute, the Court, consistent with its obligation at this stage of the litigation, views the fact in the light most favorable to Plaintiff, the non-moving party.

is covered under [the] Policy" and stated that Nationwide "expressly reserve[s] all other rights, defenses, or contentions, which are available to [Nationwide] under the policy of insurance, by law or otherwise, and do[es] not waive any such rights or defenses which [Nationwide] now [has] or which may become known to [Nationwide] in the future." ECF 47-4, at 2.

Thereafter, Plaintiff retained a public adjuster, Semper Fi Public Adjusters LLC ("Semper Fi"), to represent Plaintiff in the adjustment of her claim. ECF 47-2, at 5–6. Semper Fi allegedly produced an estimate to repair damage to Plaintiff's home, which included interior and exterior repairs. ECF 47-2, at 5.[3]  In response, Nationwide retained Donan Engineering to re-inspect Plaintiff's property. ECF 47-7; ECF 47-5, at 1 ¶¶ 2–5. Austin Murray, an expert forensic engineer for Donan Engineering, submitted a report, dated October 21, 2021, concluding that "[t]he shingles on [the] roof are not damaged by wind," and the "[s]hingles have localized creases and tears from inadvertent man-made damage." ECF 47-7, at 7. On December 13, 2021, after receiving Murray's findings, Nationwide sent Plaintiff a letter stating that the exterior damage to the roof was not covered under the terms of the Policy. ECF 47-8.  However,  Nationwide  did  issue  a supplemental payment to Plaintiff for additional interior damage found to have been caused by the storm. ECF 47-9, at 8.

On May 17, 2022, Plaintiff filed an administrative complaint with the Maryland Insurance Administration ("MIA") alleging that Nationwide's refusal to pay Semper Fi's estimate was a breach of contract and lacked good faith in violation of Md. Code Ann., Ins. § 27-1001. ECF 47-9. MIA denied Plaintiff's requested relief. *Id.* at 11.

---

[3] The Court notes that it appears neither party attached the Proof of Loss form prepared by Semper Fi's public adjuster to the motion for summary judgment or to the response in opposition to summary judgment. However, Plaintiff, in her answers to interrogatories, indicated that the public adjuster prepared a Proof of Loss form, along with attachments, and those documents were provided to Defendant. ECF 47-2, at 5.

On March 23, 2023, Plaintiff filed suit in this Court. ECF 1. As part of the discovery process, Nationwide requested that Murray re-inspect Plaintiff's property. ECF 47-10. On March 21, 2024, Murray issued a report concluding that the shingles were "not damaged by hail or wind," "granule loss to the singles [was] caused by blisters, inadvertent man-made damage, and age-related deterioration," office and garage stains were "due to rainwater intrusion via flashing deficiencies at the roof-wall interfaces," the damage in the master bedroom and bathroom was due to "rainwater intrusion via minute gaps at the ridges, valleys, and fasteners," and interior stains were "not due to storm-created openings in the exterior." *Id.* at 16. Murray also concluded that the "[c]ircular cosmetic dents in metal bay window roofs and the apron flashing on the west elevation [were] due to hail impacts." *Id.*

Defendant maintains that "the undisputed evidence establishes that Plaintiff's property did not sustain damage [beyond that which Defendant already paid Plaintiff for] from the August 6, 2020 storm." ECF 47-1, at 9 (brackets added). Plaintiff contends that "a storm occurred, which resulted in covered loss" and Defendant "underpa[id] the[] claim." ECF 53, at 4.

In Count I, Plaintiff claims that Nationwide breached the contract because Nationwide was required to pay adequate compensation for losses under the Policy, but it has refused to do so. ECF 1, at 5. In Count II, Plaintiff claims that Nationwide failed to settle the insurance claims in good faith, as required by Md. Code, Cts. & Jud. Proc. § 3-1701. Specifically, Plaintiff alleges that Nationwide "has not formed judgments supported by the evidence," and that Nationwide "made false representations in substantiation of positions made arbitrarily and capriciously." *Id.* at 6.

Discovery closed on May 15, 2024. ECF 41. Both motions are now ripe for decision.

4

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 603 F. Supp. 3d 369, 373 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . " *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372, 378 (2007), and the Court "may not make credibility determinations or weigh the evidence," *Progressive Am. Ins. Co.*, 603 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). For this reason, summary judgment ordinarily is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black &*

5

*Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 2003)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co.*, 603 F. Supp. 3d at 373 (citing *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

## III.   ANALYSIS

### A.   Breach of Contract Claim

In Count I, Plaintiff claims that Nationwide is liable for breach of contract for failing to pay the compensation owed to her under the Policy for damage caused to the property by the August 6, 2020 storm. ECF 1, at 4. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation."[4] *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001); *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (explaining that under Maryland law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages").

---

[4] "A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013). For contract claims, "Maryland applies the law of the state in which the contract was formed. . . unless the parties to the contract agreed to be bound by the law of another state." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 961 (D. Md. 2019). Here, both parties have applied Maryland law in making their arguments, and the Court will do the same throughout this opinion. *Bank of La. v. Marriott Int'l, Inc.*, 438 F. Supp. 3d 433, 443 (D. Md. 2020) ("Courts applying Maryland's choice of law rules only use Maryland law to evaluate substantive law claims as a default when both parties only cite Maryland law in their briefing.") (citation omitted).

"The burden of proving entitlement to insurance benefits lies with the insured." *Nautilus Ins. Co. v. 200 W. Cherry St., LLC*, 383 F. Supp. 3d 494, 512 (D. Md. 2019) (quoting *HSK v. Provident Life & Accident Ins.*, 128 F. Supp. 3d 874, 882 (D. Md. 2015)); *see also Pryszmont v. Allstate Vehicle & Prop. Ins. Co.*, No. 22-cv-2792-JMC, 2024 WL 3090384, at *4 (D. Md. June 21, 2024) (collecting cases).

The Court's "primary task in interpreting an insurance policy, as with any contract, is to apply the terms of the contract itself." *Cole v. State Farm Mut. Ins. Co.*, 753 A.2d 533, 537 (Md. 2000). "We look first to the contract language employed by the parties to determine the scope and limitations of the insurance coverage." *Id.* (citing *Chantel Assoc. v. Mount Vernon Fire Ins. Co.*, 656 A.2d 779, 784 (Md. 1995)). It is undisputed that the Policy provides coverage for damage to Plaintiff's residence resulting from windstorms and hail. ECF 47-3, at 25. The issue then becomes whether Plaintiff can demonstrate that any alleged damages, aside from that which Nationwide already paid Plaintiff for, resulted from the August 6, 2020, storm and thus fall within the Policy's coverage.

Here, Defendant argues that, without expert testimony, "testimony by Plaintiff or her contractor will not raise a triable issue for the jury sufficient to overcome causation and coverage under the policy." ECF 54, at 3. "Expert testimony is required when the subject matter is so particularly related to some science or profession that it is beyond the ken of the average layman." *Pryszmont*, 2024 WL 3090384, at *4 (quoting *Adams v. NVR Homes, Inc.*, 142 F. Supp. 2d 649, 654 (D. Md. 2001)). For this reason, courts "frequently hold that lay witnesses cannot testify regarding causation where determining the cause of a particular incident or occurrence is beyond common experience." *Id.* (collecting cases). The Maryland Supreme Court has held that "the determination of the amount of property damage, to ascertain whether it falls within policy coverage, is quite

likely a matter for expert testimony." *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 735 A.2d 1081, 1093 (Md. 1999) (citing *Harford Cnty. v. Harford Mut. Ins. Co.*, 610 A.2d 286, 295(Md. 1992)).

   *Pryszmont v. Allstate Vehicle and Property Insurance Company* is instructive, as the plaintiff in *Pryszmont* made nearly identical arguments to those advanced by Plaintiff here. 2024 WL 3090384, at *1. In *Pryszmont,* the plaintiff's home was purportedly damaged by a storm. *Id.* The defendant insurance company, Allstate, inspected the damage and issued a repair estimate totaling $870.66. *Id.* The plaintiff then hired Semper Fi to represent her on the insurance claim, and Semper Fi prepared an estimate totaling $121,696.75, which included damages to additional areas of plaintiff's property. *Id.* Allstate issued a partial denial letter in response to Semper Fi's estimate and indicated that it was unable to provide coverage for the claimed damages to certain parts of the property because such damages appeared to not be covered under the policy. *Id.* at 2. Litigation ensued, and Allstate argued in its motion for summary judgment that "an expert witness is required to opine on the cause of potentially covered damages under an insurance contract." *Id.* at 3. The *Pryszmont* court noted that "neither party present[ed] mandatory authority regarding whether an expert witness is required to opine on the cause of property damages in this specific context." *Id.* However, after reviewing relevant authority, the court held that "under the factual circumstances of this case, [the] plaintiff is required to prove such allegations through an expert witness but has failed to do so." *Id.* at 4. Thus, the court awarded summary judgment to defendant. *Id.* at 8.

   *Pryszmont* compels the same conclusion here regarding the necessity of expert testimony. It is undisputed that Plaintiff did not designate experts or rebuttal experts pursuant to the Rule 26(a)(2) disclosure deadlines and discovery is now closed. *See* ECF 53, at 4; ECF 47-1, at 10. Rather, Plaintiff argues that "[t]he fact that certain claims may be more robust or otherwise

8

bolstered with an expert certainly does not prevent a jury from hearing them, and a jury may give whatever weight to whatever witness opinion they see fit." ECF 53, at 3. Plaintiff seems to acknowledge the deficiencies arising from the lack of expert testimony, but asserts that this deficiency is not dispositive on summary judgment: "While [the public adjuster] may not be able to prove certain specific components to contravene Defense's theory[,] Plaintiff holds that the Defense theory is not truly germane to the dispute, and as to Plaintiff's case theory, the entirety of relevant facts may be proven without an expert." *Id.* at 4. The Court disagrees.

The Court concludes that "an expert witness is necessary to opine on whether the damages set forth in the Semper Fi estimate were caused by the [] storm and therefore fall within the Policy's scope." *Pryszmont,* 2024 WL 3090384, at \*6. Whether the damage to the interior and exterior of the property was a result of the storm or "deterioration and improper installation of the roof," ECF 47-1, at 4, is "beyond the ken of the average layman." *Adams,* 142 F. Supp. 2d at 654. In short, a lay witness cannot testify about the cause of the damage to Plaintiff's property. The intricacies of determining, for example, whether the damage was man-made as a "result of dropped or dragged equipment during the installation and/or marring from human activity on the roof," is not a matter of common knowledge.[5] ECF 47-1, at 7.

Expert testimony is required to prove any damages that Plaintiff incurred beyond those for which Nationwide has already paid. As Defendant points out, "the sole admissible testimony on causation is Defendant's expert, who opined that Plaintiff's damages were caused by faulty, inadequate, or defective construction, repair, or design; age-related deterioration; and marring." ECF 54, at 4. Plaintiff, on the other hand, does not intend to rely on any expert to explain the

---

[5] As discussed above, the public adjuster's estimate was not provided to the Court. Regardless, it is undisputed that Plaintiff did not designate the public adjuster as an expert witness since Plaintiff failed to designate any experts in this case. *See* ECF 47-1, at 7 ¶ 20. Thus, Plaintiff cannot rely on the public adjuster's estimate to satisfy her burden to create a genuine dispute of material fact.

cause of damages. Because Plaintiff does not intend, and indeed will not be permitted, to offer expert testimony, she cannot prove any damages beyond what Nationwide has already paid. Because the causes of loss, as determined by Defendant's expert, are explicitly excluded under the terms of Plaintiff's insurance policy, and Plaintiff has provided no rebuttal expert, or any competent evidence to rebut Defendant's assertion that the loss did not result from the storm, there is no triable issue of fact, and Defendant is entitled to summary judgment as a matter of law. *See Pryszmont*, 2024 WL 3090384, at *6 (granting summary judgment because "[p]laintiff failed to designate any expert witnesses regarding causation," and thus plaintiff "provided no support for her claims that any damages to her residence beyond the damages identified by Defendant fall within the Policy's coverage").

Plaintiff's primary argument in opposition to summary judgment appears to be that "there is no question of causation, there is a question of scope." ECF 53, at 5. Plaintiff seems to argue that while Defendant provided indemnification for some areas deemed to have been damaged by the storm, Defendant was unwilling to cover other areas deemed by Defendant as not "related to the peril." *Id.* Therefore, according to Plaintiff, there is "a dispute of proper scope to repair a covered loss," which precludes summary judgment. *Id.* Since the outset of this litigation, Defendant has characterized the issue as one of causation (*i.e.,* coverage), not amount of loss. *See* ECF 47-1, at 9 (arguing that Plaintiff cannot meet her burden to show that the damages to her property were caused by the August 2020 storm); ECF 54, at 3 (contesting Plaintiff's claim that the issues in the case relate to the scope of repair and not causation). Defendant also responds that "[c]ounsel's characterization of the foregoing as a dispute regarding the scope of repair is not only inaccurate, but it falls far short of the requirement that she rely on materials in the record before this court, including depositions, documents, affidavits, stipulations, or discovery responses." ECF 54, at 3. The Court agrees.

10

Plaintiff fails to put forth allegations that create a genuine dispute of material fact for trial. Indeed, Plaintiff seems to admit this by asserting that "no facts have truly been established," and thus "this matter and all other facts as to scope and causation are matters that have yet to be determined and must be submitted to a jury." ECF 53, at 7. But it is well-established that, "[t]he burden of proving entitlement to insurance benefits lies with the insured," *Nautilus Ins. Co.,* 383 F. Supp. 3d at 512, thus Plaintiff cannot merely assert that there are "matters that have yet to be determined." ECF 53, at 7. Discovery is now closed, and Plaintiff has not moved for relief under Rule 56(d), nor has Plaintiff submitted requisite proof that Plaintiff "cannot present facts essential to justify [her] opposition." Fed. R. Civ. P. 56(d).

More broadly, the Court notes that Plaintiff does not cite any record evidence in the response in opposition to summary judgment. Federal Rule of Civil Procedure 56(c) places the burden on the party responding to a motion for summary judgment to show that a fact is genuinely disputed by " . . . citing to particular parts of materials in the record . . . ; or. . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). Plaintiff has failed to cite to any part of the record to support her assertions or dispute Defendant's statement of facts. This is fatal to Plaintiff's argument that this case should proceed to trial, as Plaintiff has failed to proffer sufficient proof, in the form of admissible evidence, of disputed material facts. *See Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 780 (4th Cir. 2023) (stating that "plaintiffs need to present more than their own unsupported speculation and conclusory allegations" to succeed on summary judgment).

Finally, the Court is unpersuaded by Plaintiff's argument that Defendant waived its right to dispute coverage for this loss by previously issuing a partial payment to Plaintiff. ECF 53, at 5. Defendant maintains that "[t]he payment did not serve as an admission, acceptance or waiver of

11

coverage for her damages, nor the right to dispute coverage. . . [a]ny such argument by Plaintiff is contrary to Maryland law, which clearly holds[] that the doctrines of estoppel and waiver cannot create coverage where none exists." ECF 47-1, at 10 n.2. The letters sent to Plaintiff, dated August 26, 2020, and December 13, 2021, explicitly state that Nationwide "reserve[s] all other rights, defenses, or contentions which are available to [Nationwide] under the policy of insurance, by law or otherwise, and do not waive any such rights or defenses which [Nationwide] now [has] or which may become known to [Nationwide] in the future." ECF 47-4, at 2; ECF 47-8, at 2. Additionally, under Maryland law, "waiver or estoppel may occur only when it does not create new coverage." *Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 484 (4th Cir. 2004) (quoting *Allstate Ins. Co. v. Reliance Ins. Co.*, 786 A.2d 27, 32 (Md. 2001)). "[A]n extension of coverage may only be created by a new contract." *Md. Auto. Ins. Fund v. John*, 16 A.3d 1008, 1016 (Md. App. 2011) (citing *Sallie v. Tax Sale Investors*, 814 A.2d 572, 575 (Md. 2002)). That is, "if the loss was not within the coverage of the policy contract, it cannot be brought within that coverage by invoking the principle of waiver or estoppel." *Id.* (quoting *Prudential Ins. Co. v. Solomon Brookman*, 167 175 A. 838, 840 (1934)). Based on the Court's finding that Plaintiff has produced no evidence to demonstrate that the alleged loss fell within the provisions of the Policy, the partial payment by Nationwide for covered loss could not have created *new* coverage for Plaintiff's benefit. Accordingly, Nationwide's payment does not serve as a waiver of its right to dispute coverage for the loss.

The only genuine dispute in this case is a dispute of law, not of fact. Defendant has produced competent evidence from an expert concluding that the remaining damage did not result from the storm, and therefore the damage is not covered under the Policy. Plaintiff has produced no admissible evidence to rebut this assertion. Defendant is thus entitled to judgment as a matter of law.

### B.    Lack of Good Faith Claim

In Count II, Plaintiff claims that Nationwide is liable for failing to act in good faith in handling her claims under the Policy. ECF 53, at 5. "Maryland provides a special cause of action for lack of good faith by a property, casualty, or individual disability insurer in handling claims under insurance policies issued, sold, or delivered in Maryland." *Barry v. Nationwide Mut. Ins. Co.*, 298 F. Supp. 3d 826, 829–30 (D. Md. 2018) (citing Md. Code, Cts. & Jud. Proc. § 3–1701(b)).

To prevail on Count II, Plaintiff must prove that Nationwide did not act in good faith when it handled her insurance claim. The statute defines "good faith" as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." Md. Code, Cts. & Jud. Proc. § 3-1701(a)(4).

"[A]n allegation that an insurer has failed to pay policy benefits cannot serve as the sole basis for a lack of good faith claim." *Glover v. Allstate Vehicle and Property Ins. Co.*, Civ. No. TJS-22-2718, 2025 WL 242163, at *6 (D. Md. Jan. 17, 2025) (citation omitted). "This is because '[i]t is well-settled under Maryland law that an insured claiming that an insurer has failed to pay policy benefits may only pursue contract remedies.'" *Id.* (quoting *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 638 (D. Md. 2017) (collecting cases)). "In order to prevail on a lack of good faith claim, [a]n insured must prove that an insurer breached the insurance contract, but must also prove that the insurer also acted without good faith in handling the claim." *Id.* (citation and quotation marks omitted); *Pryszmont*, 2024 WL 3090384, at *7 (same).

Plaintiff's claim of lack of good faith fails because Plaintiff has not proven that Nationwide breached the contract. *See Barry*, 298 F. Supp. 3d at 830 ("An allegation of breach of contract is [] a necessary but not sufficient condition for a lack of good faith claim [under Md. Code, Cts. &

13

Jud. Proc. § 3-1701]. An insured must prove that an insurer breached the insurance contract in order to bring a lack of good faith claim, but the insured must prove more than simply breach of contract to prevail."); *see also Pryszmont*, 2024 WL 3090384, at \*7 ("[B]ecause Plaintiff has not set forth sufficient evidence supporting her breach of contract claim, Defendant is also entitled to summary judgment regarding Plaintiff's bad faith claim in Count II."). Accordingly, Nationwide is entitled to summary judgment on Count II.

Even if breach of contract was not a prerequisite to a lack of good faith claim, Plaintiff has not presented any evidence demonstrating that Nationwide was dishonest or failed to conduct a diligent investigation. As Defendant explains, Nationwide "inspected the loss, and then retained an engineer when Plaintiff disputed Nationwide's findings, [t]he engineer conducted an inspection of the property (both during the adjustment of the claim and again during litigation)[,] Nationwide's [] coverage [denial] was supported by the expert's report and conclusions[,] Nationwide explained the basis for its decision to Plaintiff, and Plaintiff produced no evidence to dispute the expert's conclusions either in the adjustment of her claim or during this litigation." ECF 47-1, at 13 (citations omitted). Plaintiff offers nothing to rebut these assertions beyond stating that "the public adjuster would be the only person who could reasonably testify to the lack of good faith" at trial. ECF 53, at 6. Simply implying that the public adjuster has knowledge of potential bad faith acts is not enough to create a genuine dispute of fact, especially when Plaintiff does not specify what that knowledge consists of or the basis for that knowledge. Under these circumstances, and without any competent evidence to rebut Defendant's efforts, Nationwide's evaluation of Plaintiff's claim did not lack good faith as a matter of law.

Given the Court's ruling on Nationwide's motion for summary judgment, Plaintiff's motion to compel appraisal, ECF 46, is moot. In any event, the motion to compel appraisal would

likely be denied even if the motion was not moot because "a coverage dispute is not the proper subject of appraisal." *New Hope Church of God Waldorf v. Brotherhood Mut. Ins.*, Civ No. MJM-23-2341, 2024 WL 3638031, at \*2 (D. Md. Aug. 2, 2024) (denying motion to compel appraisal because "the appraisal provision only applies to a covered loss" and there was a "significant dispute between the parties as to whether the loss at issue in this case [was] covered").

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF 47, is **GRANTED**, and Plaintiff's Motion to Compel Appraisal, ECF 46, is **DENIED** as moot.

A separate implementing Order will issue.


Dated: <u>February 24, 2025</u>                            <u>                /s/                </u>
                                                            Brendan A. Hurson
                                                            United States District Judge